IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 19-01044 (MCF) |
| FERNANDO JOSE DELGADO QUINTANA | CHAPTER 13 |
| Debtor | |

**OPINION & ORDER**

The chapter 13 Debtor is challenging three applications for compensation filed by former counsel. The contested issue is whether post-confirmation compensation to the chapter 13 Debtor's former counsel is reasonable, and legal services were beneficial to the bankruptcy estate and the Debtor.

Relevant Procedural History

The Debtor filed for bankruptcy relief under chapter 7 on February 27, 2019 (Docket No. 1). His attorney of record was Myrna Ruiz-Olmo, Esq. About a month later, the case was converted to chapter 13 and an amended disclosure of compensation under 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b) was filed to indicate that Ms. Ruiz would receive $3,000.00 for legal services; $1,500 of which was paid prior to filing the bankruptcy (Docket No. 30). On December 7, 2020, the chapter 13 plan was confirmed with a provision indicating that the attorney would be compensated for their services by a flat fee arrangement (Docket No. 103, at 3, part 4.3).

After confirmation of the chapter 13 plan, the Debtor addressed three different matters: (1) a court order regarding 2019 tax returns, (2) a request to allow a post-petition claim in favor of Puerto Rico Treasury, and (3) a request to incur in post-

-1-

petition financing for the purchase of a residence (Docket Nos. 105, 109, & 113). Thereafter, Ms. Ruiz filed an application for compensation in the amount of $5,940.00 for services rendered in connection with these matters (Docket No. 122). The Trustee did not raise any issues as to the content of the application; but he did object to the amount of the fees because it made the chapter 13 plan insufficiently funded to pay all that it proposed to pay. As such, the Debtor needed to modify his plan to increase the plan base so that all creditors would receive their proposed distribution. As a result, the Trustee filed a motion requesting that the Debtor modify the plan or that the case be dismissed (Docket Nos. 123 & 124).

The Debtor filed three different post-confirmation modified plans, and amended schedules I and J, to sufficiently fund the plan to cover the additional legal fees (Docket Nos. 125, 126, 127, 132, 136 & 138). On December 23, 2021, Ms. Ruiz filed a second application for $2,800.00 for services basically related to the insufficiency of the plan caused by the first application for compensation (Docket No. 144).[1] On the same day, Ms. Ruiz filed a motion resigning legal representation due to irreconcilable differences with the Debtor (Docket No. 145).

On January 13, 2022, after the Debtor's failure to successfully address the Trustee's motion to modify the plan or dismiss, the court dismissed the case (Docket No. 151). The Trustee filed a motion indicating that he did not oppose the second application for $2,800.00 and it was granted (Docket Nos. 149 & 150). After dismissal of the case, the Trustee filed a motion indicating that he no longer opposed the first application for $5,940.00 and it was granted (Docket 154 & 159).

On January 20, 2022, Ms. Ruiz filed a request for reconsideration of dismissal to allow the court to rule on her motion for resignation and allow the Debtor to obtain new counsel to resolve the pending matters, which was granted by the court (Docket Nos. 155, 158 & 160).

---

[1] We note that the first entry on the second application regarding a response to the post-petition financing appears to be a duplicate of the last entry on the first application.

On March 2, 2022, Ignacio Garcia Franco, Esq., filed a notice of appearance as new counsel for the Debtor.  He requested time to respond to the Trustee's motion to modify or dismiss and the Trustee's unfavorable recommendation to the third post-confirmation modified plan since the issue of the insufficiency of the plan was still unresolved (Docket Nos. 164, 165 and 169).

On April 19, 2022, Ms. Ruiz (now former counsel) withdrew both the first and the second applications for compensation without any explanation (Docket No. 172). About a week later, former counsel filed a third application for $500.00, for legal services rendered regarding the motion to re-open the case and to prepare her application for compensation.  In this application, former counsel also requested that the court "ratify/approve" the first and second applications which she withdrew "to assess and clarify some concerns recently raised by third parties." (Docket No. 177 at 5).  The Trustee filed a motion indicating that he had no opposition to the third application for compensation (Docket No. 178).

The Debtor objected to former counsel's motion withdrawing the two applications because allegedly she had made material omissions by not disclosing that these applications were already granted by the court and that the Trustee had already made disbursements of $5,342.24 to former counsel (Docket No. 173). As such, the Debtor filed motions requesting that sanctions be imposed upon former counsel, that any future disbursements for the applications for compensation be terminated and that the post-petition fees already paid to former counsel be disgorged (Docket Nos. 216, 217, 219 & 220). Former counsel replied denying the allegations of the Debtor and asking the court to approve all three of the applications for compensation (Docket No. 226).

<u>Legal Analysis</u>

Up until confirmation of the plan, all legal fees were covered by the flat fee of $3,000.00, as prescribed by the confirmed plan.  The contested issue is limited to the payment of attorney's fees to the Debtor's former counsel for services rendered after confirmation of the plan.

We will consider all three applications, consolidated into the third application, under the standard of reasonableness, pursuant to 11 U.S.C. § 329.[2]  Collier on Bankruptcy explains that:

> Section 329(b) provides that if 'such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to … the entity that made such payment.'
>
> Under section 329(b), it is the 'reasonableness' of the particular transaction which is subject to examination. Thus, any payment or agreement examined under section 329(a) is valid only to the extent of a reasonable amount as determined by the court. This is consistent with the requirement under section 330 that professionals receive only 'reasonable compensation' for their services.
>
> What constitutes reasonableness is a question of fact to be determined by the particular circumstances of each case. ¶ 329.04 Validity of Compensation Paid or Promised;

3 Collier on Bankruptcy ₱ 329.04 (16th 2022).

Although section 329 provides that compensation paid is subjected to court examination, the procedures for such judicial examination are set forth in Bankruptcy Rule 2017.

> Rule 2017(b) calls for court examination of payments or transfers to an attorney as compensation. Such examination

---

[2] Former counsel alleges that even though she withdrew the first two applications, all three are now contained in the third application.

may be on the court's own initiative or on motion by the debtor or the United States trustee. The court will examine payments or transfers to an attorney as compensation, or an agreement therefor, "after entry of the order for relief in a case under the Code," if the payment, transfer or agreement was for services in any way related to the bankruptcy. ¶ 329.05 Procedure for Judicial Examination of Compensation Paid or Promised to Attorney for Debtor.

3 Collier on Bankruptcy ℙ 329.05 (16th 2022).

The factors to be considered when determining the reasonableness of the compensation are governed by Section 330 of the Bankruptcy Code.[3] Furthermore, besides being reasonable, these fees must also be beneficial to the bankruptcy estate or to the debtor.

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a

[3] Section 330 provides in part that:

> (a)(3) [i]n determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11 or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

> 11 U.S.C. § 330(a)(3).

> (a)(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for—(i) unnecessary duplication of services; or(ii) services that were not—(I) reasonably likely to benefit the debtor's estate; or(II) necessary to the administration of the case.

> 11 U.S.C. § 330(a)(4)(A)

consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

In the instant case, the court may consider not only the benefit of the legal services to the bankruptcy estate, but also, to the Debtor. "The Court must first determine if the services benefitted the debtor or the estate. The Court should also consider the necessity of the services. If the Court determines the services were beneficial and necessary, the Court then assesses the reasonableness of the requested compensation." In re Steen, 631 B.R. 704 (Bankr. N.D. TX 2021). We examined each of the three applications to consider these factors.

First Application

The first application of $5,940.00 covers post-confirmation legal work done between January 7, 2021, and September 9, 2021, for basically three different matters – the 2019 tax refund, the allowance of PR Treasury's claim and the request to incur in post-petition debt. The resolution of all three matters were important to both the bankruptcy estate and the Debtor. The Debtor addressed the use of his 2019 tax refund, the allowance of a tax claim and requested court approval to obtain post-petition financing for the purchase of a home. The resolution of all these matters benefitted both the Debtor and the bankruptcy estate. There were no objections filed by the Trustee or the Debtor disputing any of the individual charges nor any allegations that these charges were unreasonable. The court finds these post-petition legal services both reasonable and beneficial to the Debtor and the bankruptcy estate, thereby will allow them in the amount of $5,940.00.

Second Application

The second application of $2,800.00 for services between September 10, 2021, and December 23, 2021, was filed after the Debtor was already cognizant that approval of the first application would make the confirmed chapter 13 plan insufficiently funded. In addition, the Debtor faced possible dismissal if a post-confirmation modified plan was not approved within a reasonable time. A review of this application indicates that most of the services provided were related to correcting the sufficiency of the plan; an issue created by the first application, which was not resolved. The other services were related to the resignation of counsel and preparation of the application. We find that none of these services benefitted the Debtor or the bankruptcy estate; given that a successful post-confirmation modified plan was not filed and that the second application only made the Debtor's plan sufficiency even worse. As such the second application for $2,800 is denied.

Third application

The Third application for $500.00 for services between January 13, 2022 and January 20, 2022, was for legal services regarding the reconsideration of dismissal. When the case was dismissed, the Trustee informed that the Debtor was in arrears for $8,390.00 under the last proposed post-confirmation modified plan (Docket. Nos. 138 & 148). Because the re-opening of the bankruptcy case benefitted both the bankruptcy estate and the Debtor, the court will allow the third application for $500.00.

Conclusion

In summary, the first and third applications for a total of $6,440.00 ($5,940.00 + 500.00) are granted. The second application for $2,800 is denied. The Chapter 13 Trustee is ordered to disburse funds to former counsel consistent with this order.

The Debtor's motions for sanctions, termination of payments and for abeyance of amended application (Docket Nos. 216, 217, 218, 219 and 220) are now moot.

Furthermore, the Debtor is reminded that on July 6, 2022, he was ordered to reply, within 30 days, to the Trustee's unfavorable recommendation or the case might be dismissed without need for a hearing or further notice (Docket No. 211). At this juncture, almost 60 days have elapsed, and the Debtor has not complied with the order. The Debtor is ordered to show cause, within 14 days, why the case should not be dismissed for failure to comply with this court's order and for failure to file a confirmable post-confirmation modified plan.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of August, 2022.

MILDRED CABAN FLORES
United States Bankruptcy Judge

-8-